# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Valentino Olamartins, | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| Stellar Recovery, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

For this Complaint, Plaintiff, Valentino Olamartins, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Valentino Olamartins ("Plaintiff"), is an adult individual residing in Austell, Georgia 30106, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Stellar Recovery, Inc. ("Stellar"), is a business entity located in Kalispell, Montana, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Stellar and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Stellar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. An individual allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Stellar Engages in Harassment and Abusive Tactics

12. In or around June 2015, Stellar began calling Plaintiff in an attempt to collect the Debt from a person other than Plaintiff ( the "Debtor").

13. In or around June 2015, Plaintiff told Stellar that he was not the Debtor and requested that Stellar stop calling his phone number.

14. Nevertheless, Stellar continued to call Plaintiff in an attempt to reach the Debtor.

### C. Plaintiff Suffered Actual Damages

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

20.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

21.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22.     Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

25. Plaintiff incurred a Debt as a result of "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

26. Defendants' unfair acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

27. Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

28. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c);

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d);

5. Punitive damages pursuant to O.C.G.A. § 10-1-399(a); and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 13, 2015

                Respectfully submitted,

                By: /s/ Sergei Lemberg, Esq.
                Attorney Bar No.: 598666
                Attorney for Plaintiff Valentino Olamartins
                LEMBERG LAW L.L.C.
                43 Danbury Road
                Wilton, CT 06897
                Telephone: (203) 653-2250 ext. 5500
                Facsimile:   (203) 653-3424
                Email: slemberg@lemberglaw.com